UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-CV-00250-GCM

| | |
|---|---|
| **KATHLEEN LYNCH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

1

**II.    Factual Background**

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

**III.   Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

**IV.    Substantial Evidence**

**A.     Introduction**

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

**B. Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

**C. The Administrative Decision**

In rendering the decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2008, the date her alleged disability began. (Tr. 36). At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis, learning disability, and borderline intelligence. (Tr. 36). At step three, the ALJ found that

Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 36).

Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform light work, except lift up to 20 pounds occasionally, 10 pounds frequently; stand or walk for approximately 1 hour in an 8 hour workday, sit approximately 7 hours in an 8 hour workday, with normal breaks; never climb ladders, ropes, scaffolds, ramps or stairs; occasionally balance with a handheld assistive device; occasionally stoop, but never crouch, kneel, or crawl; work is limited to simple, routine, repetitive tasks, performed in a work environment free of fast paced production requirements, involving only simple, work related decisions, and with few, if any, work place changes, with no interaction with the public and only occasional interaction with coworkers. (Tr. 39).

At step four, the ALJ found that Plaintiff could no longer perform her past relevant work. (Tr. 44). At step five, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, as well as testimony from a vocational expert ("VE"), Plaintiff could perform jobs existing in significant numbers in the national economy, including assembler, hand packager, and production inspector. (Tr. 44-45). As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 45).

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) whether the ALJ erred in failing to mention, much less analyze and assign weight to the favorable disability determination by the State of North Carolina finding Plaintiff eligible for Medicaid and (2) whether the ALJ erred in

failing to identify conflicts between the testimony of the VE and the Dictionary of Occupation Titles ("DOT") regarding the availability of jobs he relied upon to deny Plaintiff at Step 5. Plaintiff's assignments of error will be discussed seriatim.

2. **First Assignment of Error**

Before the ALJ's determination and hearing, Plaintiff was found to be disabled and qualifying for Medicaid under the State of North Carolina. Pl.'s Br. at 5. However, the ALJ did not explicitly mention in the complaint what weight such determination made in his analysis. *Id.* Instead, he mentioned it generally and Plaintiff's Counsel mentioned it in his opening statements. (Tr. 39-43, 58). Plaintiff argues that this is an error that warrants a remand. *Id.*; *See DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983) (ruling that such disability determinations by state Medicaid agencies are not binding, but are "entitled to consideration by the Secretary"). Defendant argues back that such omission is not an error and, even if it was, the error was harmless. Def.'s Resp. at 4-7.

Looking at whether the ALJ's omission was in error is irrelevant because, even if it was, the error would be harmless. Plaintiff points to a string of cases from the Eastern District of North Carolina that require a remand for failing to mention the relevant state Medicaid decision. *See Alexander v. Astrue*, No. 5:09-CV-432-FL, 2010 WL 4668312, at *3 (E.D.N.C., Nov. 5, 2010); *See also Walton v. Astrue*, No. 7:09-CV-112-D, 2010 WL 2772498, at *1 (E.D.N.C., July 9, 2010) (remanding and noting that the ALJ gave no reason for not considering the Medicaid decision "and SSR 06-03p requires more than 'nothing.'"); *Watson v. Astrue*, No. 5:08-CV-553-FL, 2009 WL 2423967, at *3 (E.D.N.C., Aug. 6, 2009) (remanding where the ALJ entirely neglected to mention the Medicaid decision in his ruling). However, there are a number of more persuasive cases from

5

this Court that interpret *DeLoatche* and its progeny to find this omission to be a harmless error if the ALJ discussed the relevant evidence going into the Medicaid decision. *See Cucumber v. Colvin*, No. 1:12-CV-00292-FDW, 2013 WL 4494459, at *4 (W.D.N.C. Aug. 20, 2013) ("[T]he ALJ committed harmless error by not explicitly referencing this previous Medicaid decision . . . ."); *see also Bradshaw v. Astrue*, No. 2:08-CV-00033, 2011 WL 4344538, at *7 (W.D.N.C. Sept. 15, 2011) (holding that failure to explicitly reference state Medicaid decision was harmless error because ALJ considered the evidence upon which the decision was based); *McLawhorn v. Colvin*, No. 2:13-CV-00024-FDW, 2014 WL 2215936, at *6 (W.D.N.C. May 29, 2014) ("The ALJ's failure to explicitly reference the prior Medicaid decision is a harmless error because the ALJ considered all relevant evidence, including the evidence considered by the state officer.").

In the ALJ's opinion, the ALJ considers and discusses the Plaintiff's various disabilities and these disabilities are what the state Medicaid office would have looked at in making their final decision. (Tr. 36-44). Thus, the ALJ's failure to explicitly reference the state Medicare decision is harmless error.

### 3. Second Assignment of Error

The ALJ determined Plaintiff's RFC to be "light work," requiring Plaintiff only be standing for an hour every eight hour work day. (Tr. 39). After being informed of Plaintiff's RFC through a hypothetical, the VE responded by giving three separate occupations that could still be performed by Plaintiff: assembler, hand packager, and production inspector. (Tr. 76-78). DOT classifies those three relevant occupations as "light work," but does not further define them. DOT 739.687-078, 739.687-102, 753.687-038. Light work is defined as,

> [e]xerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently:

activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: *(1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls*; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

20 C.F.R. § 404.1567(b) (2017) (emphasis added). Plaintiff argues that logically, the one hour of standing as provided in Plaintiff's RFC is not a "significant degree," as required by the definition of light work, and neither the ALJ nor VE discussed such discrepancy. Pl.'s Br. at 8-10. Therefore, Plaintiff continues, the case must be remanded. Pl.'s Br. 8-10. *See Pearson v. Colvin*, 810 F.3d 204, 209-11 (4th Cir. 2015) (remanding a case because the ALJ did not explain the discrepancy between DOT and the VE's testimony). However, *Pearson* does not apply here.

*Pearson* discussed an occupation that the DOT only said requires "reaching." *Pearson*, 810 F.3d at 209-11. There was no "or" and DOT did not go into further detail as to what "reaching" entails. The court therefore concluded that "reaching" includes overhead — which the claimant's RFC did not allow — and other types of reaching — which the claimant's RFC allowed. *Id.* Accordingly, the Fourth Circuit determined that a remand was necessary to explain such discrepancy.

On the other hand, the regulation here states "when it requires walking or standing to a significant degree; *or* (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls" *Id.* (emphasis added). The "or" indicates that not all jobs considered to be "light work" require "walking or standing to a significant degree." 20 C.F.R. § 404.1567(b). Plaintiff's RFC allows "pushing and/or pulling of arm or leg controls." *Id.*; (Tr. 39). Further, when

7

giving the hypotheticals, the ALJ began with someone who would stand for six hours every eight hour workday and the VE responded by giving the three aforementioned jobs. (Tr. 77-78). The ALJ then, in a second hypothetical, added the limitation of one hour of standing and walking per eight hour workday — accounting for Plaintiff's limitations on walking and standing — and the VE gave the same occupations. (Tr. 78-79). The process by which the ALJ continued to narrow the hypothetical makes it clear that the VE was aware of and took into account such walking and standing limitations when giving possible employment opportunities. Moreover, in the ALJ's opinion, the ALJ said, "I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 45). For these reasons, substantial evidence supports the ALJ's conclusion that the vocation expert's testimony is not in conflict with the DOT and therefore Plaintiff's second assignment of error is without merit.

### E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsible pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**;

and

(4) this action is **DISMISSED**.

Signed: August 7, 2017

Graham C. Mullen
United States District Judge